Raymond K. CRAIN et al., Appellants,

v.

SOUTHERN WAREHOUSE CORPORATION, Appellee.

No. A2538.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 18, 1981.

Michael R. Davis, Dickerson & Davis, Houston, for appellants.

Marcus E. Faubion, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment for the Plaintiff below for unpaid rentals under a lease contract. We affirm the judgment of the trial court.

The lease agreement provided Appellee would lease office space to the Appellant for a term of thirty-six months from July 1, 1976. Appellant agreed to pay $254.00 per month rent on the first day of each month during the lease term. Appellant took possession of the premises and paid the first two months rent. Appellant failed to pay the rentals due for the months of September and October 1976. On October 6, the Appellee, by letter entitled Notice to Quit, instructed Appellant to pay all past due rent within three days from the receipt of notice or surrender possession of the premises. Appellant vacated the premises.

On August 25, 1978, the Appellee sued for accrued rent to the date of filing in the amount of $6,096.00, and for attorney's fees. Trial was to the court. Judgment was granted Appellee in the amount sought less $300 for certain expenses incurred by the Appellant during his occupation of the premises. Findings of Fact and Conclusions of Law have been filed.

■ Appellant, in his first two points of error complains that the court erred in failing to make the Findings of Fact and Conclusions of Law as he requested. Appellant does not attack the Findings of Fact or Conclusions of Law actually made by the court. The rule is well established that the trial court need not make findings on all evidentiary matters or on every controverted fact. The failure to do so does not constitute reversible error. See e. g., *Griffith v. Griffith*, 584 S.W.2d 498 (Tex.Civ. App.—Beaumont 1979, no writ). The trial court may not be compelled to make particular findings or conclusions. The court is required only to make such findings or conclusions as it deems justified by the record. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 120 (1944). Further, the court is not required to set out in minute detail every reason or theory by which it arrived at its final determination. *Ligon v. E. F. Hutton & Company*, 428 S.W.2d 434 (Tex.Civ.App. —Dallas 1968, writ ref'd n.r.e.) Appellant's first two points of error are overruled.

■ By his third point of error, Appellant complains that the lease agreement was unenforceable because it prohibited the use which he made of the premises. Use of the premises was never refused because of unauthorized use. There is nothing in the record to indicate that this was a reason why Appellant did not pay his rent. Such would indicate that it was not a problem in fact.

Appellant also claims that there is a contradiction within the lease since an allowed use for "offices" is set forth in the typed in portion of the lease and not in the printed portion. Appellant cites no authority to support his contention that such an internal contradiction would render the lease contract unenforceable. Typed in portions of a lease agreement prevail over any inconsistent provision in the printed portion. The typed in portions of the lease agreement in question reflect the intentions of both parties that the premises be leased and used as office space. Appellant's third point of error is overruled.

■ As his fourth point of error, Appellant assigns the failure of the trial court to find that the Appellee breached its implied warranty of habitability. There is ample evidence supporting fully the implied finding of the court that the premises were habitable and that there had been no such breach. We, therefore, need not reach Appellee's argument that the doctrine of implied warranty of habitability as set out in *Kamarath v. Bennett*, 568 S.W.2d 658 (Tex. 1978) has no application to a commercial lease. Appellant's fourth point of error is overruled.

■ Appellant next complains that the trial court erred in failing to find that the Appellee had elected its remedy. Appellant contends that the letter sent to him by Appellee's counsel, entitled Notice to Quit, offered two mutually exclusive options: 1) paying all past due rentals or 2) vacating

the premises. In effect, Appellant argues that the letter constituted a forfeiture by Appellee of its rights under the lease. Appellant relies on the holding in *Rohrt v. Kelley Manufacturing Co.*, 162 Tex. 534, 349 S.W.2d 95 (1961). There the letter sent by the landlord expressly declared the lease to be forfeited and the court held that under the terms of the lease the forfeiture relieved both parties from fulfilling their obligations under the lease contract. The court also held that it may be expressly stipulated in the lease agreement that re-entry by the lessor will not affect the obligations of the lessee for the unexpired term. In the case at bar, the lease agreement contains such an express stipulation: " . . . nor shall pursuit of any remedy herein provided constitute a forfeiture or waiver of any rent due to landlord hereunder . . . ." The letter sent to Appellant did not declare the lease forfeited. In effect, it merely gave three days notice that absent payment of the past due rent landlord would exercise his option to re-enter the premises as provided in the lease agreement. Appellant's fifth point of error is overruled.

Appellant in his sixth point of error complains that the trial court erred in rendering judgment in the amount of rent due at the time the Appellee filed this suit. Appellant urges that the measure of damages should have been the difference between the present value of the rentals contracted for in the lease and the reasonable cash market value of the lease for its unexpired term. We disagree. Such is the measure of damages where the lessor elects to sue for anticipatory breach without reletting. In the case at bar, the Appellee elected to pursue the remedy provided in the lease agreement at Paragraph 19A, which in pertinent part reads:

> [Landlord may] terminate this Lease, in which event Tenant shall immediately surrender the premises to the Landlord . . . and Tenant agrees to pay the Landlord on demand the amount of all loss and damage which Landlord may suffer by reason of such termination, whether through inability to relet the premises on satisfactory terms or otherwise.

The Appellee, not having agreed to surrender his rights under the lease contract, and having made a diligent attempt to relet the premises, is entitled to recover the entire amount of the agreed rent for the contractual period up to that amount for which he pled, less the offset allowed by the trial court. See *Evons v. Winkler*, 388 S.W.2d 265, 289 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.) All of Appellant's assignments of error are overruled.

The judgment of the court below is in all things affirmed.