Roy HOLDER, et ux, Relators,

v.

The Honorable Sharolyn WOOD, Judge, et al., Respondents.

No. C–5267.

Supreme Court of Texas.

July 16, 1986.

Rehearing Denied Sept. 10, 1986.

Marvin L. Rader, Kivell & Rader, League City, for relators.

Robert E. Speed and Mr. Michael D. Robins, Houston, for respondents.

WALLACE, Justice.

This is an original mandamus proceeding. Relators Roy and Ola Holder bought a mobile home in May, 1983. After discovering several defects in the home, the Holders sued the seller, Mobile Homes Sales Corporation, and the manufacturer, Fleetwood Homes of Texas, in November, 1983. The suit alleged breach of warranties and misrepresentation in the sale of the home pursuant to the Texas Deceptive Trade Practices Act. TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon 1986).

Fleetwood Homes filed a Plea in Abatement based on the 1985 amendment to § 17(d) of the Manufactured Housing Standards Act. TEX.REV.CIV.STAT.ANN.

art. 5221f (Vernon 1986). The Honorable Sharolyn Wood abated the cause until the statutory requirements of consumer complaint and inspection could be satisfied. Relators seek to have Judge Wood's order set aside so they can proceed to trial.

Section 17(d) of art. 5221f provides:

Failure by a manufacturer or retailer to comply with the warranty provisions of this Act or any implied warranties or the violation of any provision of this Act by any person is a deceptive trade practice in addition to those practices delineated in Chapter 17, Subchapter E, Business & Commerce Code and is actionable pursuant to said subchapter. As such, the venue provisions and all remedies available in said subchapter apply to and are cumulative of the remedies in this Act. ...

In 1985, the following language was added to § 17(d):

... However, notwithstanding any provisions of law to the contrary, a lawsuit alleging failure to comply with the warranty provisions of this article shall be abated unless and until the department has performed a consumer complaint inspection and the retailer, manufacturer, or both have been given an opportunity to comply with the inspection report and instructions of the department. A consumer's refusal to allow the manufacturer or retailer to perform warranty service pursuant to the rules of the department is a bar to any cause of action for failure to perform warranty service.

TEX.REV.CIV.STAT.ANN. art. 5221f, § 17(d) (Vernon Supp.1986).

Fleetwood Homes contends this additional language requires abatement of the Holder's DTPA action until the Department of Labor & Standards has conducted a consumer complaint inspection and the manufacturer has had a reasonable opportunity to comply with any department order. The Holders argue that because this lawsuit was not filed pursuant to Art. 5221f, the provisions of that law are inapplicable to the present case. Furthermore, the Holders argue that if the statute is applicable, it should not be applied retroactively to them.

Laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws. *Ex Parte Abell*, 613 S.W.2d 255, 260 (Tex. 1981); *Bardwell v. Anderson*, 325 S.W.2d 929, 939 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). However, changes in statutes affecting remedies or procedure may be applied retroactively. *Abell*, 613 S.W.2d at 260; *Bardwell*, 325 S.W.2d at 939. The question presented to us is whether Article 5221f would affect a substantive or remedial right of the Holders.

In this case, the Holders' remedy has not been eliminated by Art. 5221f; it has merely been modified. They still have recourse pursuant to Art. 5221f for their breach of express warranties claim. If they exhaust their administrative remedies and the breaches are not cured, they could then bring a DTPA action based on those breaches. Furthermore, the Holders may also choose to pursue their DTPA cause of action for misrepresentations and breach of implied warranties.

Section 17(d) requires abatement only of that part of the lawsuit alleging failure to comply with the express warranties of § 14(c) of Art. 5221f. The amendment to § 17(d) has no application to implied warranties. Had the Holders alleged only breach of express warranties, they would be required to comply with the administrative procedure mandated by Art. 5221f. However, because breach of implied warranties and misrepresentations in violation of the DTPA were also alleged, the Holders must be allowed to proceed with their DTPA cause of action based on these allegations.

Accordingly, we conditionally grant the Holders' petition for writ of mandamus. The writ will issue only if Judge Wood fails to lift the abatement order and allow the Holders to proceed with their DTPA cause of action based on misrepresentation and breach of implied warranties.