Willie CHISLUM, Appellant,

v.

**HOME OWNERS FUNDING
CORPORATION, Appellee.**

No. 13–89–046–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 17, 1991.

Rehearing Overruled Feb. 21, 1991.

**802**

Paul Dodson, Corpus Christi, for appellant.

John A. Sixta, Jr., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

## ON MOTION FOR REHEARING

DORSEY, Justice.

The opinion and judgment of June 29, 1990, are withdrawn, and the following opinion is substituted. On rehearing, we affirm the trial court's judgment.

This is an action between the holder and the maker of a promissory note. The subject of the note is a defective mobile home, and the maker asserts defenses to payment premised upon breaches of warranty and contract by the seller of the mobile home. By five points of error, appellant alleges that the trial court erred regarding the admission and exclusion of evidence, in denying his motion for new trial, and in overruling his motion for additional findings of fact and conclusions of law.

Willie Chislum, appellant, purchased a new mobile home from Future Homes ("seller"). The agreed purchase price of $30,545.00 was financed pursuant to a promissory note which was subsequently assigned, ultimately reaching the Government National Mortgage Association ("GNMA"), whose servicing agent is Home Owner's Funding Corporation of America ("HOFCA"), appellee. The mobile home allegedly contained numerous defects and the estimated cost of repairs was approximately $19,000.00. After attempting to have the seller resolve the problems, appellant brought suit against the seller under the DTPA[1] and obtained a default judgment. Appellant was awarded $77,000.00, representing actual damages of $25,000.00, trebled, and $2,000.00 in attorneys fees.

At a later point, appellant stopped making payments on the mobile home. The note holder, initially Southern Guaranty Corporation and later HOFCA for GNMA, threatened acceleration and foreclosure on the note and collateral. Appellant sued the note holder claiming that the note was invalid because of the misrepresentations of the seller, and that the holder's attempts and threats to collect the note were in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c, and the Texas DTPA.

Southern Guaranty Corporation settled, but HOFCA countersued claiming default of the note by appellant, seeking a money judgment and foreclosure of its security interest. Appellant answered and asserted that his claims against the seller, i.e. misrepresentation, breach of warranty, breach of contract, and violations of the DTPA, were defenses to payment of the note. Following a bench trial, the court held for the note holder, HOFCA, awarding the amount owed under the note, attorney's fees, and foreclosure of the security interest. The court awarded nothing to appel-

---

1. Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1987).

lant on his claims. From that judgment appellant brings this appeal.

▮ The essence of the appellant's defense to the note is the Federal Trade Commission Rule, 16 C.F.R. § 433.2 (1989), ("FTC Rule") which provides that the holder of a note is subject to all claims and defenses which the debtor could assert against the seller of the goods. The FTC Rule was adopted to protect consumers from credit transactions in which the consumer's duty to pay the note was separated from the seller's duty to fulfill its obligations concerning the goods sold. *Home Sav. Assoc. v. Guerra*, 733 S.W.2d 134, 135 (Tex.1987).

▮ By his first point of error, appellant complains that the trial court erred in failing to admit into evidence the judgment taken against Future Homes. Appellant argues, without asserting the factual basis for the judgment, such as misrepresentations or breaches of warranties, that the judgment is a claim he is entitled to set off against any debt he may owe as a result of his default of the retail installment note.

Appellee argues that the judgment was not admissible because TEX.REV.CIV.STAT. ANN. art. 5221f § 18(h) (Vernon Supp.1990) provides that unless a consumer joins the holder of a promissory note in an action against the retailer of a manufactured home, any judgment taken against the retailer is not conclusive against the holder and the judgment is not admissible against the holder in a subsequent suit. The effective date of article 5221f § 18(h) is June 18, 1987. The judgment taken against Future Homes was signed on October 16, 1986, before the Act took effect, and the holder of the note was not a party to that action. The instant case was tried after the effective date of article 5221f § 18(h).

▮ The trial court applied the Act, rendering the judgment inadmissible. Appellant argues that such application gives retroactive effect to the Act because, at the time the judgment was taken, it would have been admissible against the holder to prove a claim or defense assertable against

the seller under the FTC rule. It is well settled that laws merely affecting procedure or remedies may be applied retroactively. *Holder v. Wood*, 714 S.W.2d 318, 319 (Tex.1986); *Lubbock Indep. School Dist. v. Bradley*, 579 S.W.2d 78, 80 (Tex. Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Procedure is the mechanism for maintaining a suit and includes pleading, process, and evidence. *Bradley*, 579 S.W.2d at 80. Laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws. *Holder*, 714 S.W.2d at 319. Substantive laws include those rules or principles which state the rights of individuals regarding their person or property and the remedies available in the event of an invasion of those rights. *Bradley*, 579 S.W.2d at 80.

Here, article 5221f § 18 operates as a procedural change in the law because it establishes a limitation on the admissibility of evidence and does not operate to impair appellant's rights to seek redress. Under the statute, appellant is only prohibited from using the judgment taken against Future Homes as evidence in proceedings against the holder, HOFCA. Appellant remains free to assert against HOFCA any claims or defenses he may have as a result of seller misconduct. Article 5221f § 18(h) does not operate to retroactively deprive appellant of a vested substantive right.

▮ Appellant also argues that the retroactive application of article 5221f § 18 is in direct conflict with the FTC Rule and, therefore, violates the Supremacy Clause.[2] We disagree. The FTC Rule serves as a vehicle to assert claims or defenses which exist under state law against a holder in due course that would otherwise be prohibited. The Rule does not create new claims or defenses; the Rule simply allows a consumer to maintain against a creditor those claims or defenses authorized by state law. *See, e.g., Home Sav. Ass'n*, 733 S.W.2d at 135; *Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses*, 41 Fed.Reg. 20,023–24 (1976); Comment, *The FTC*

---

**2.** *See* U.S. CONST. art. 6, cl. 2.

*Holder in Due Course Rule: Neither Creditor Ruination Nor Consumer Salvation*, 31 Sw.L.J. 1097, 1108–09 (1977). Indeed, the Federal Trade Commission guidelines specifically provide that "[a]ppropriate statutes, decisions, and rules of each jurisdiction will control ... including rules of evidence [and] procedure...." 41 Fed.Reg. 20,022, 20,023–24 (1976). Thus, article 5221f § 18 does not conflict with the FTC Rule or violate the Supremacy Clause.

■■■ Finally, appellant contends that the judgment is admissible as a "claim or defense" via the FTC Rule because HOFCA failed to timely respond to a request for admission. Request number four asked appellee to admit or deny the following:

> The judgment which is reproduced as Exhibit B constitutes a claim or defense which the plaintiffs could assert against the seller of the mobile home which is the subject of the "Manufactured Home Retail Installment Sales Contract, Security Agreement and Disclosure Statement."

Appellee did not respond to the request. It is well settled that a request is automatically deemed admitted if it is not timely answered. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex.1989); Tex.R.Civ.P. 169.

In this case, however, the deemed admission that the judgment is a claim that appellant could assert against Future Homes is not relevant to the issue of his liability to the holder of the note. As such, the deemed admission is irrelevant to the issue of the admissibility of the judgment, which is barred by article 5221f § 18. The trial court properly refused to admit the judgment. We overrule point of error one.

By point of error three, appellant asserts that the trial court erred in admitting evidence regarding funds received from third parties. At trial Mr. Chislum was asked whether he had "already collected a substantial amount of money from two other sources." Appellant objected "to this line

of inquiry as constituting a collateral source." We construe appellant's objection at trial and his complaint on appeal that evidence of appellant's prior recoveries have no relevance in his suit against HOFCA.[3] The evidence established that appellant recovered $28,000.00 from the seller's bonding company. The parties stipulated that $3,000.00 was applied to a claim for an alleged breach of good faith and fair dealing. Appellant also recovered a $1,000.00 settlement from Southern Guaranty Co., the previous holder of the note.

■■■ We first address the admission of the $28,000.00 recovery from the seller's bond. Here, appellant seeks to off-set sums due HOFCA under the note because of defects contained in the mobile home. As discussed above, the FTC Rule allows appellant to assert sale-related claims against a holder pursuant to state law. Therefore, evidence of recovery from the seller for those sale-related claims is relevant to the determination of the amount of liability on the part of the holder. *See generally, Kish v. Van Note*, 692 S.W.2d 463 (Tex.1985); *Cooper v. Republicbank Garland*, 696 S.W.2d 629 (Tex.App.—Dallas 1985, no writ). Thus, we find that evidence of recovery from the seller's bonding company was properly admitted.

■■■ We now consider the admission of the $1,000.00 recovery from Southern Guaranty Co. The record establishes that settlement with Southern was unrelated to claims of seller misconduct or defects in the mobile home. Hence, we find that the settlement is irrelevant to the issue of HOFCA's liability and was improperly admitted. Pursuant to Tex.R.App.P. 81(b)(1), we must determine whether the admission was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

The uncontroverted evidence at trial established that the estimated cost of repairs for the defects contained in the mobile home would not exceed $19,000.00. The

---

**3.** "The theory behind the collateral source rule is that a wrongdoer should not have the benefit of *insurance independently procured by the injured party,* and to which the wrongdoer was

not privy." *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 934 (Tex.1980) (emphasis added). We find the Rule inapplicable in this case.

trial court's finding of fact number (5) states "[a]ll just offsets and credits have been allowed.... [The Chislums] have previously recovered through other claims the sum of $26,000.00 for claims arising out of the alleged defects in the design, manufacture or materials in the mobile home.... All such claims have been more than adequately satisfied by the recovery of the sum of $26,000.00...." The evidence of the $1000.00 recovery from Southern was immaterial to the trial court's determination that appellant's claims were "more than adequately satisfied." The recovery of $25,000.00 from the seller's bonding company is sufficient in itself to support the trial court's finding that appellant's claims for defects in their mobile home had been satisfied. Thus, the $1,000.00 recovery from Southern is immaterial to the trial court's judgment in this case. We find that the admission was harmless and did not contribute to an improper judgment. Tex.R.App.P. 81(b)(1). We overrule point three.

By points of error two and four, appellant contends that the trial court erred in overruling his motion for new trial because damages were established as a matter of law or, in the alternative, the trial court's findings were against the great weight and preponderance of the evidence. In determining the legal and factual sufficiency of the evidence the court considers all the evidence and the reasonable inferences therefrom which, viewed in its most favorable light, support the trial court's judgment. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986); *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Allied Fin. Co. v. Garza,* 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

Appellant sent requests for admissions on October 19, 1987. The requests inquired, *inter alia,* into matters which if admitted would establish violations of the Fair Debt Collection Practices Act ("Act"), 15 U.S.C. §§ 1692a, 1692c, 1692e & 1692g (1977). Thereafter, appellees did not answer and, as a result, the requests were automatically deemed admitted. *Marshall,* 767 S.W.2d at 700; Tex.R.Civ.P. 169. The issue on appeal concerns the trial court's finding that appellant was not damaged as a result of the violation of the Act.

The Act provides that a debt collector who fails to comply with any provision of the Act is liable for actual damages and additional damages not exceeding $1,000.00. 15 U.S.C. § 1692k. In determining the amount of liability, the court shall consider, *inter alia,* the frequency and persistence of non-compliance by the debt collector and whether the non-compliance was intentional. *Id.* Here, the only testimony concerning damages came from Molly Chislum. Mrs. Chislum testified that she felt "anger" and feared that her family would lose their home as a result of HOF-CA's non-compliance with the Act.

Having carefully reviewed the record, we find the evidence supporting the trial court's judgment to be legally and factually sufficient. The trial court, as the trier of fact, has the duty to weigh the evidence and judge the credibility of a witness. *Alkas v. United Sav. Ass'n of Texas, Inc.,* 672 S.W.2d 852, 856 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Even when the evidence of a witness is uncontradicted, the trial court may disbelieve the witness's testimony. *Gulf State Pipe Line Co. v. Orange County Water Control & Improvement Dist. No. 1,* 526 S.W.2d 724, 727 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Thus, we cannot say that appellant established damages as a matter of law or that the trial court's findings were against the great weight and preponderance of the evidence. Appellant's second and fourth points of error are overruled.

By point of error five, appellant argues that the trial court erred in overruling his request for additional findings of fact and conclusions of law. Generally, the trial court must address each material issue raised by the pleadings and the evidence. *Lettieri v. Lettieri,* 654 S.W.2d 554, 556 (Tex.App.—Fort Worth 1983, writ dism'd). However, the trial court is not

required to set out in minute detail every reason or theory by which it arrived at its final conclusion. *Lettieri*, 654 S.W.2d at 556; *Crain v. Southern Warehouse Corp.*, 612 S.W.2d 283, 284 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

Upon careful review of the entire record in the light most favorable to the trial court's findings, we determine that the findings of fact and conclusions of law adequately address all theories supported by the evidence and raised by the pleadings necessary to the resolution of this case. *See Nathan v. Hudson*, 376 S.W.2d 856, 862 (Tex.Civ.App.—Dallas 1964, ref'd n.r.e.). Therefore, the trial court did not err in overruling appellant's request for additional findings of fact and conclusions of law. Appellant's fifth point of error is overruled. The judgment of the trial court is AFFIRMED.