

NUMBER 13-13-00531-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

REBECCA SCHOFFSTALL,                                                   Appellant,

v.

CITY OF CORPUS CHRISTI,                                                Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant Rebecca Schoffstall appeals the trial court's order granting a plea to the

jurisdiction filed by the appellee, the City of Corpus Christi ("the City"). By one issue and

several sub-issues, which we have re-ordered, appellant contends the trial court erred in

granting the City's plea because: (1) the City's immunity was waived under the "contract"

exception in chapter 271 of the local government code, *see* TEX. LOC. GOV'T CODE ANN. §

271.152 (West, Westlaw through 2013 3d C.S.); (2) the City's immunity was waived by the inclusion of "FTC Rule" language in the Amended Deed of Trust; (3) the City's immunity was waived by its conduct; (4) the City is equitably estopped from asserting its governmental immunity to suit; and (5) appellant should have been given an opportunity to amend her petition and claims against the City. We affirm.

## I. BACKGROUND

The underlying lawsuit arose from a dispute between Hortensia Hernandez, now deceased,[1] and Bodine Leland Builder, Inc. and Leland Bodine (collectively "Bodine"). As part of the City's community development program, Hernandez qualified for a loan from federal and private funds to finance the demolition of her home and the construction of a new home. Hernandez contracted with Bodine to construct her new home. The City provided an interest-free loan to Hernandez to finance the construction and also paid for her rental costs during the construction. Hernandez and the City entered into three separate real-estate notes for the construction, all of which were secured by a deed of trust. A dispute arose between Hernandez and Bodine which halted the construction, and Hernandez sued Bodine. The City withdrew its loan and stopped paying Hernandez's rental costs. Eventually, Hernandez and Bodine filed a third-party complaint against the City.

The City filed a plea to the jurisdiction, in which it argued that: (1) the program that authorized the loan to Hernandez—the City's Demolition and Reconstruction Loan Program—is a community development program, which the legislature has specifically defined to be a governmental function, *see* TEX. CIV. PRAC. & REM. CODE ANN. §

---

[1] Hernandez died in 2011 during the course of the proceedings. Rebecca Hernandez Schoffstall, one of Hernandez's daughters and the executrix of her estate, is the appellant.

101.0215(a)(34) (West, Westlaw through 2013 3d C.S.), and accordingly, the City is entitled to governmental immunity for claims arising out of that activity unless the legislature has waived governmental immunity from suit in clear and unambiguous language, *see City of Georgetown v. Lower Colo. River Auth.*, 413 S.W.3d 803, 807 (Tex. App.—Austin 2013, pet. dism'd) ("Given that the municipality is effectively acting on behalf of the state when it performs a governmental function, it is imbued with the state's sovereign immunity, and therefore is entitled to governmental immunity."); and (2) the limited waiver of governmental immunity under chapter 271 of the local government code is not applicable because the loan agreement between Hernandez and the City did not provide a good or service to the City.  The City attached to its plea to the jurisdiction copies of each of the real estate notes; the amended deed of trust; a letter from the City to Hernandez's counsel advising that the City was closing out the construction loan to Hernandez; and a second letter from the City to Hernandez's counsel advising that, after adjustments, the balance due on the interest-free loan was $14,103.40.  Hernandez did not file a response to the City's plea.  Following a hearing, the trial court granted the City's plea to the jurisdiction.  This appeal followed.[2]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court's subject matter jurisdiction.  *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  Whether a trial court has subject matter jurisdiction and whether the pleader has alleged

---

[2] Bodine is not a party to this appeal.

3

facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even when the evidence implicates the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). A review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228. The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Id.* Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact

finder. *Id.* at 227–28. But if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. In considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded the opportunity to amend its pleadings. *Miranda*, 133 S.W.3d at 226–27. Further, a defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). In other words, a defendant may not advance a "no-evidence" plea to the jurisdiction. *See id.*; *cf.* TEX. R. CIV. P. 166a(i) (allowing for no-evidence motion for summary judgment).

We review matters of statutory construction de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Id.* at 631–32.

## B. Applicable Law

The doctrine of sovereign immunity provides that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006) (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, such as cities. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

5

In Texas, governmental immunity has two components: (1) immunity from liability, which bars enforcement of a judgment against a governmental entity; and (2) immunity from suit, which bars suit against the entity altogether. *Tooke*, 197 S.W.3d at 332. Immunity from liability is an affirmative defense that must be pleaded or else is waived. *Kinnear v. Tex. Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000). Immunity from suit, on the other hand, deprives a court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. "Governmental immunity is waived only by clear and unambiguous language indicating the Legislature's intent to do so." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010); *Miranda*, 133 S.W.3d at 332–33; *see* TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2013 3d C.S.) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

Section 271.152 of the local government code waives immunity from suit for breach-of-contract claims arising from contracts subject to chapter 271, subchapter I. TEX. LOCAL GOV'T CODE ANN. § 271.152. Section 271.151(2) defines a "[c]ontract subject to this subchapter [subchapter I of chapter 271]" as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2).

### III. DISCUSSION

#### A. Waiver Under Section 271.152 of Local Government Code

Appellant first argues that the City's governmental immunity is waived by section 271.152 of the local government code, which provides:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. According to appellant, the City did not offer any evidence to rebut appellant's allegations that the City was purchasing goods and services. Citing *City of San Antonio v. Valemas, Inc.*, appellant also argues that the waiver in section 271.152 is "very broad." *See* No. 04-11-00768-CV, 2012 WL 2126932, at **6–7 (Tex. App.—San Antonio June 13, 2012, no pet.) (mem. op.). We disagree with appellant's arguments.

As noted, a contract subject to chapter 271, subchapter I must be an "agreement for providing goods or services *to the* local government entity that is properly executed on behalf of the local governmental entity[.]" TEX. LOCAL GOV'T CODE ANN. § 271.151(2)(A) (emphasis added). "'The relevant inquiry' is whether the contract at issue 'entail[s] the provision of "goods or services"' to the local governmental entity." *Wight Realty Interests, Ltd. v. City of Friendswood*, 333 S.W.3d 792, 796 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Kirby Lake Dev., Ltd.*, 320 S.W.3d at 839).

Citing *Valemas, a*ppellant argues that the waiver found in section 271.152 is "very broad." In *Valemas*, the issue was whether section 271.152 "waive[d] the City's immunity for a breach of contract suit brought by a contracting party when the contracting party [was] seeking recovery based on a pass through agreement with a party that did not contract with the City." 2012 WL 2126932, at *2.[3] Valemas had entered into a contract

---

[3] A pass-through agreement "allows a contracting party to assert a claim against the party with whom it contracted on behalf of another party [here, a subcontractor] who was not a party to the contract." *City of San Antonio v. Valemas, Inc.*, No. 04-11-00768-CV, 2012 WL 2126932, at *1 (Tex. App.—San Antonio June 13, 2012, no pet.) (mem. op.).

with the City of San Antonio to provide extensive landscaping renovation in Brackenridge Park. *Id.* at *1. Valemas sued the City, claiming that because of San Antonio's acts and omissions, Valemas and its subcontractors had incurred damages. *Id.* Valemas entered into a pass-through agreement with one of its subcontractors permitting Valemas to assert a claim against San Antonio on behalf of the subcontractor. *Id.* San Antonio filed a plea to the jurisdiction, arguing that the suit asserted a claim on behalf of a subcontractor, and that section 271.152 did not provide a statutory waiver of immunity for such a claim. *Id.* The *Valemas* Court concluded that the legislature "clearly intended [section 271.152's] waiver to apply not only to signatories, not only to claims based on the contracts themselves, but to claims 'arising from' those contracts," such as the subcontractor's claim at issue. *Id.* at *6.

We find the facts and reasoning in *Valemas* distinguishable from the present case. Valemas and its subcontractors clearly provided landscaping services to San Antonio. *Id.* at *4 ("[I]t is undisputed that immunity is waived for any contract claims brought by Valemas on its own behalf"). In the present case, the City alleged that its loan agreement with Hernandez was not a contract subject to section 271.152 because no goods or services were provided to the City.

The facts in the present case are more similar to those in *East Houston Estate Apartments, LLC v. City of Houston.* *See* 294 S.W.3d 723, 736 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In *East Houston*, the City of Houston entered into a loan agreement with East Houston to assist in the rehabilitation of an apartment complex. *Id.* at 726. After numerous construction delays, the project eventually collapsed, and East Houston sued the City of Houston. *Id.* at 728. The City of Houston filed a plea to the jurisdiction arguing

that the loan agreement covered a community development activity, which is a governmental function, and the City of Houston was therefore immune from suit for claims arising from the activity. *Id.* East Houston argued, as appellant does here, that the City of Houston's immunity was waived under section 271.152 of the local government code. *Id.* at 729.

The *East Houston* Court first noted that the legislature has classified community development activities as a governmental function, and then concluded that the City of Houston was therefore acting in its governmental capacity in entering the loan agreement with East Houston. *Id.* at 732–33. In addressing East Houston's argument that section 271.152 waived the City of Houston's immunity from suit, the court agreed with the City of Houston that the loan agreement did not require East Houston to provide any good or service to the City of Houston. *Id.* at 736. The court concluded that:

> The central purpose of the agreement between the City and East Houston was to facilitate a loan of money from the City's portion of federal funds and from private funds to a private entity for the purpose of renovating East Houston's empty apartment building. The City was thus a conduit of federal funds and a facilitator of the project, but no services were provided directly to the City. This is clearly not the type of "service" envisioned by section 271.152.

> The plain meaning of the statute supports the conclusion that section 271.152 does not apply to contracts like the one at issue here, in which the benefit that the City would receive is an indirect, attenuated one.

*Id.*

As in *East Houston*, the purpose of the loan agreement between Hernandez and the City was to facilitate a loan to Hernandez, a private owner, to reconstruct a substandard home. The loan was a "zero interest" loan. The City was therefore a facilitator of the project, but no goods or services were provided directly to the City. We

9

conclude that the loan agreement between Hernandez and the City was not the type of contract covered by section 271.152's waiver of immunity from suit, and the trial court did not err in granting the City's plea to the jurisdiction on that basis. We overrule appellant's argument that the City's immunity was waived by section 271.152.

## B. "FTC Rule" Language

By her second issue, appellant contends that a paragraph included in an amended deed of trust between Hernandez and the beneficiary, the Corpus Christi Community Improvement Corporation, had the effect of making the City liable for Hernandez's claims against Bodine. The amended deed of trust included the following paragraph:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

*See* 16 CFR § 433.2 (West, Westlaw through July 24, 2014; 79 FR 43161).

> This clause, commonly called the "FTC rule," is required to be inserted in all consumer credit contracts. Absent the FTC rule, a holder in due course of a consumer credit contract could demand that the buyer/debtor fulfill his duty of payment under the contract regardless of any breach of warranty on the part of the seller. The FTC rule denies to the holder of the contract the benefits which might otherwise be available to him under the holder in due course doctrine. The FTC rule thus prevents the occurrence of what the Federal Trade Commission concluded was an unfair and deceptive trade practice—the separation of a buyer's duty to pay from a seller's duty to perform.
>
> The FTC rule places the holder of the contract in the shoes of the seller. This rule creates no new claims or defenses but merely permits the buyer/debtor to assert against the holder whatever claims or defenses that the buyer/debtor may have against the seller.

*Cooper v. RepublicBank Garland*, 696 S.W.2d 629, 631–32 (Tex. App.—Dallas 1985, no writ) (citations omitted); *see Chislum v. Home Owners Funding Corp.*, 803 S.W.2d 800,

803 (Tex. App.—Corpus Christi 1991, writ denied) ("The Rule does not create new claims or defenses; the Rule simply allows a consumer to maintain against a creditor those claims or defenses authorized by state law.").

As noted above, immunity from suit bars a suit against a governmental entity unless the legislature expressly consents to the suit by resolution or by clear and unambiguous statutory language. *See Tooke*, 197 S.W.3d at 332–33; *see also Natural Resource Conservation Comm'n v. IT-Davy*, 74 S.W.3d 848, 860 (Tex. 2002) ("[T]here is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature."). The FTC Rule provides no such consent. *See Cooper*, 696 S.W.2d at 631–32. We reject appellant's argument that inclusion of the "FTC Rule" language in the amended deed of trust waived the City's immunity. We overrule appellant's second issue.

## C. Waiver-by-Conduct Exception

By her third issue, appellant argues that the City waived its governmental immunity by its conduct. Specifically, appellant argues that the City, by including the "FTC Rule" language in the amended deed of trust, "specifically agreed that it was subject to all claims and defenses that could [be] asserted against the seller."

The Texas Supreme Court has specifically "reject[ed] the invitation to recognize a waiver-by-conduct exception in a breach-of-contract suit against a governmental entity." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011); *see Cameron County v. Tompkins*, 422 S.W.3d 789, 797 (Tex. App.—Corpus Christi 2013, pet. filed). We overrule appellant's third issue.

## D. Equitable Estoppel

11

By her fourth issue, appellant argues that the City "should be equitably estopped from urging immunity" because the City has demanded repayment of the loan for the reconstruction project that was never completed. Appellant also argues that the letters sent to appellant's counsel denoting the balance due on the zero-interest loan constituted a claim for relief made by the City, which waived its immunity.

Equitable estoppel only applies, however, when an "entity has accepted and retained the benefits arising from the contract." *Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 32 (Tex. App.—San Antonio 2006, pet. dism'd). Here, the City has not retained any benefits from the contract. The payments made by Hernandez and her family are repayment for the zero-interest loan. Because the City has not accepted or retained any benefits arising from the contract, equitable estoppel is inapplicable. *See id.*

Appellant also argues that the City offered no evidence to establish that its Demolition and Rehabilitation Loan Program was part of the City's community development program, and therefore failed to establish that the program constituted a governmental function. We disagree. The November 2007 letter to appellant's counsel describes the "interim construction loan" from the "Corpus Christi Community Improvement Corporation" and describes the disbursement of funds on the project. The loan program was similar to the rehabilitation program described in *East Houston*, *see* 294 S.W.3d at 733 ("Chapter 373 [of the local government code] authorizes a municipality to adopt a community development program to aid in the prevention or elimination of slums and blighted areas, including the rehabilitation of privately-owned properties.") (citing TEX. LOC. GOV'T CODE ANN. §§ 373.004–.005 (West, Westlaw through 2013 3d

12

C.S)).  We conclude that the description of the City's program qualified as a community development activity for purposes of determining immunity from suit.  *See id.*

We are also unpersuaded that the City's notice to appellant's counsel summarizing the balance due on the zero-interest loan constituted an affirmative claim for relief that waived the City's immunity.  *See id.* (concluding that neither Bexar Met's general pleadings for judgment and costs nor its requests for relief were the types of affirmative claims for monetary relief that waived its immunity).  We overrule appellant's fourth issue.

## E.  No Opportunity to Replead

Finally, appellant argues that the trial court erred in granting the City's plea to the jurisdiction without giving her an opportunity to amend her pleadings.  We disagree. When a suit is barred by governmental immunity, "there is nothing [a] plaintiff could have included in its petition that would have conferred jurisdiction on the trial court."  *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, writ denied); *see Tex. A&M Univ. System v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007) (holding that allowing plaintiff an opportunity to replead serves no legitimate purpose in a breach of contract case because pleading more facts will not overcome a governmental entity's immunity from suit); *Miranda*,133 S.W. 3d at 227 ("If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.").  Here, allowing repleading would be futile. "[W]hen a pleading cannot be cured of its jurisdictional defect, a plaintiff is not entitled to amend." *Koseoglu*, 233 S.W.3d at 837.  As in *Koseoglu*, because appellant's claim is a breach-of-contract claim, "[m]erely pleading more facts in support of the breach of contract claim will not overcome [the City's] immunity from suit." *Id.* at 840.  Therefore,

13

we overrule appellant's final argument.

## IV. CONCLUSION

We affirm the trial court's judgment.


DORI CONTRERAS GARZA,
Justice

Delivered and filed the
25th day of August, 2014.