Opinion issued
December 23, 2010 

 

 

 

 



 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00442-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



WIGHT REALTY INTERESTS, LTD., Appellant

 

V.

 

CITY OF FRIENDSWOOD, TEXAS, Appellee

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 09-CV-2123

 

 



O P I N
I O N

Appellant, Wight Realty Interests,
Ltd., challenges the trial court’s order granting the plea to the jurisdiction
of appellee, the City of Friendswood, in Wight Realty’s suit against the City
for breach of contract.  In two issues, Wight
Realty contends that the Texas Legislature waived the City’s immunity from suit
under section 271.152 of the Texas Local Government Code,[1]
the City waived its immunity through its conduct, and, thus, the trial court
erred in dismissing its suit for lack of jurisdiction.        

We reverse and remand.

Background

          In
its petition, Wight Realty alleges that in July 2008, City representatives
approached David Wight, Wight Realty’s general partner, to propose the
development of youth recreational sports facilities on a tract of land owned by
Wight Realty and on two adjoining tracts of land owned by third parties.  In September 2008, Wight Realty and the City
executed an earnest money contract, requiring Wight Realty to acquire the two
adjoining tracts, construct improvements on the properties for the purpose of
developing the recreational facilities, and sell the recreational facilities
and real property, with the required improvements, to the City.  Wight Realty attached to its petition a copy
of this contract.  

The contract provides, among other
things, that, contingent upon Wight Realty obtaining title to the adjoining
tracts of land, Wight Realty was to construct improvements on the three tracts
as specified in the contract, the City was to purchase the three tracts from
Wight Realty, and the City was to pay a specified purchase price for each of
the tracts and improvements.  The contract
sets forth a specific purchase price for each tract, specific amounts attributable
to the costs associated with the land, and the costs associated with the recreational
facilities and other improvements. Wight Realty agreed to “plan, prepare,
build, and construct” the recreational facilities “according to the plan and
costs conceptually represented” in an attached exhibit.  It also agreed to present to the City, from
“time to time,” “more definite plans and specifications regarding the
improvements” to be constructed.  In the
event the City did not purchase the tracts as a result of a default by the
City, the City agreed to “immediately pay” Wight Realty “all sums incurred by” Wight
Realty for the costs of constructing the improvements.  In regard to the two adjoining tracts of
land, the City agreed to pay, in addition to the costs of improvements, a
liquidated amount for the “agreed upon opportunity loss value.”  

          Wight
Realty further alleges that, after expending large sums of money purchasing the
adjoining tracts of land from third parties and constructing the recreational
facilities and improvements, the City, in October 2009, terminated the contract
and refused to pay Wight Realty any amounts that Wight Realty had expended in
constructing the recreational facilities and improvements.  The City also refused to pay contractual termination
damages.  Wight Realty asserts claims for
breach of contract and estoppel against the City.

          The
City filed an answer, generally denying Wight Realty’s allegations, and it subsequently
filed a plea to the jurisdiction, contending that it is immune from suit.  Specifically, the City argued that the waiver
of immunity provided for in section 271.152 of the Texas Local Government Code,
which waives a local governmental entity’s immunity from suit for breach of
contract claims involving the provision of “goods or services,” does not apply
to Wight Realty’s claims because its contract with Wight Realty involves the sale
of real property.  In its response, Wight
Realty argued that it has provided services to the City under the contract and,
thus, section 271.152 waives the City’s immunity.  Alternatively, Wight Realty argues that the
City waived its immunity through its conduct of inducing Wight Realty to
perform its contractual obligations.  Wight
Realty attached to its response an affidavit from David Wight, in which Wight
testified that Wight Realty has, pursuant to the contract, acquired the two
adjoining tracts of land and constructed the recreational facilities.  He further testified that that Wight Realty
has, pursuant to the contract, cleared the tracts of land, filled existing ponds
with soil, removed existing fences, dug drainage ditches and a detention pond,
graded soccer and baseball fields, excavated a parking lot area, installed
culverts, hired a civil design engineer to design the sports park and restroom
facilities, met with officials from the City of Alvin regarding drainage issues,
and worked with a pipeline easement holder for permission to build fields
across the pipeline easement.  Wight noted
that Wight Realty has spent $457,910.23 to provide the above services under the
contract and these amounts are in addition to the $540,000 it has spent to acquire
the two adjoining tracts of land.  

          The
trial court granted the City’s plea to the jurisdiction, dismissing Wight
Realty’s claims against the City.   

Standard of Review

We review de novo a trial court’s
ruling on a jurisdictional plea. See Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). When reviewing a trial court’s
ruling on a plea, “we first look to the pleadings to determine if jurisdiction
is proper, construing them liberally in favor of the plaintiffs and looking to
the pleader’s intent,” and “we consider relevant evidence submitted by the
parties when necessary to resolve the jurisdictional issues raised.” City of Waco v. Kirwan, 298 S.W.3d 618,
621–22 (Tex. 2009); see also Tex. Natural
Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001) (“[W]e
consider the facts alleged by the plaintiff and, to the extent it is relevant
to the jurisdictional issue, the evidence submitted by the parties.”).  In considering this evidence, we “take as true
all evidence favorable to the nonmovant” and “indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.” Kirwan, 298 S.W.3d at 622.  We review the trial court’s interpretation of
a statute de novo.  See Johnson v. City of Forth Worth, 774 S.W.2d 653, 655–56 (Tex. 1989).
 In construing a statute, our objective
is to determine and give effect to the Legislature’s intent.  See Nat’l
Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).

Governmental Immunity

          In its two issues, Wight Realty argues
that the trial court erred in dismissing its breach of contract suit against
the City for lack of jurisdiction because the Texas Legislature has waived the
City’s immunity from suit under section 271.152 of the Texas Local Government
Code and the City waived its immunity from suit when it entered into the
contract that required Wight Realty to acquire real property, construct
recreational facilities on that real property, and sell the facilities and
property to the City.

Governmental
immunity protects political subdivisions of the state, including cities, from
lawsuits for money damages, unless such immunity has been waived.[2]  Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006). Governmental
immunity, like sovereign immunity, involves immunity from suit and immunity
from liability.  Harris County Hosp. Dist. v. Tomball Reg’l Hosp., 283 S.W.3d 838, 842 (Tex. 2009); Mission Consol. Indep. Sch. Dist. v. Garcia,
253 S.W.3d 653, 655 n.2 (Tex. 2008) (explaining that “both types of immunity
afford the same degree of protection”).  Immunity
from suit is jurisdictional and bars suit, whereas immunity from liability is
not jurisdictional and protects from judgments. 
Harris County Hosp. Dist., 283
S.W.3d at 842.  Governmental immunity is
waived only by clear and unambiguous language indicating the Legislature’s
intent do so.  Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth., 320 S.W.3d
829, 838 (Tex. 2010); Harris County Hosp.
Dist., 283 S.W.3d at 842.

Section 271.152 of the Texas Local
Government Code, which waives a local governmental entity’s immunity from suit
for certain contract claims, provides, 

A local governmental entity that is authorized by
statute or the constitution to enter into a contract and that enters into a
contract subject to this subchapter waives sovereign immunity to suit for the
purpose of adjudicating a claim for breach of the contract, subject to the
terms and conditions of this subchapter.

 

Tex. Loc.
Gov’t Code Ann. §
271.152 (Vernon 2005).  The statute
defines a “[c]ontract subject to this subchapter” as “a written contract
stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf
of the local governmental entity.”  Id. § 271.151(2) (Vernon 2005) (emphasis
added).  “The relevant inquiry” is
whether the contract at issue “entail[s] the provision of ‘goods or services’”
to the local governmental entity.  Kirby Lake Dev., Ltd., 320 S.W.3d at
839.  Although chapter 271 provides no
definition for the term “services,” the term is generally “broad enough to
encompass a wide array of activities.”  Id.  “In ordinary usage the term ‘services’ has a rather
broad and general meaning,” and “[i]t includes generally any act performed for
the benefit of another under some arrangement or agreement whereby such act was
to have been performed.”  Id. (citing Van Zandt v. Fort Worth Press, 359 S.W.2d 893, 895 (Tex. 1962)).  

The Texas Supreme Court has recently addressed
the scope of the waiver afforded by section 271.152.  In Kirby
Lake Development, Ltd., residential developers entered into agreements with
a local water authority requiring the developers to build water and sewer
facilities according to the authority’s specifications and then lease the
facilities to the authority free of charge until the authority purchased them.  320 S.W.3d at 832.  The authority agreed to reimburse the developers
a portion of their construction costs after it received voter-approved bond
funds.  Id. at 832–33.  In
considering the developers’ arguments that section 271.152 waived the
authority’s immunity from a suit arising from the agreements, the supreme court
noted that the Legislature enacted section 271.152 “to loosen the immunity bar
so that all local governmental
entities that have been given or are given the statutory authority to enter
into contracts shall not be immune from suits arising from those
contracts.”  Id. at 838 (citing Ben
Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions
Property/Casualty Joint Self-Insurance Fund, 212 S.W.3d 320, 327 (Tex.
2006)).  It also cited the bill analysis,
in which supporters of the bill had explained that a local governmental
entity’s blanket immunity from breach of contract claims had “create[d] a
fundamentally unfair situation that denie[d] redress, for example, to a
contractor who completed a project for a city that refused to pay.”  Kirby
Lake Dev., Ltd., 320 S.W.3d at 838 n.2 (citing House Research Organization,
Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005)).  The court also noted that the “services provided . . . need
not be the primary purpose” of an agreement in order for immunity to be waived
under section 271.152.  Id. at 839 (citing Clear Lake City Water Auth. v. Friendswood Dev. Co., Ltd., 256
S.W.3d 735, 746 n.13 (Tex. App.—Houston [14th Dist.] 2008, pet. dism’d)).  The supreme court concluded that the agreements
obligating the developers “to construct, develop, lease, and bear all risk of
loss or damage to the facilities” entailed “services provided directly to the
[a]uthority” and, thus, the court held that the agreements “contemplate[d] the
provision of services under” section 271.152. 
Id.

Here, although Wight Realty’s
contract with the City involves the sale of real property, the contract
specifically required Wight Realty to acquire adjoining tracts of land from
third parties and construct recreational facilities and associated improvements,
as detailed in the contract; the acquisition of real properties and the
construction of facilities and improvements on those properties plainly qualify
as the provision of services.  See id.; see also Clear Lake City Water Auth. v. MCR Corp., No. 01-08-00955-CV,
2010 WL 1053057, at *9 (Tex. App.—Houston [1st Dist.] Mar. 11, 2010, pet.
denied) (mem. op.) (rejecting governmental entity’s argument that agreement did
not involve sale of “goods” since facilities had been installed and affixed to land,
and noting that agreement was not limited to mere sale of facilities but also
required developer to “hire contractors to construct the [f]acilities and to
build the streets, roads, and bridges”).  The City’s assertion that the contract involves
only the sale of real property is contradicted by the terms of the contract,
which obligated Wight Realty to provide construction services and guaranteed the
City’s payment to Wight Realty of its costs associated with the construction of
the improvements and recreational facilities in the event the City defaulted.[3]  We conclude that the contract contemplated
the provision of services under section 271.152.  Accordingly, we hold that the trial court
erred in granting the City’s plea to jurisdiction and dismissing Wight Realty’s
suit.

The City alternatively argues that
the trial court properly dismissed Wight Realty’s suit because the contract does
“not contain the essential terms” as required by section 271.152 and it is
“void as a matter of law because the alleged goods or services were not
contracted pursuant to bid, as statutorily required.”  A contract is legally binding “if its terms
are sufficiently definite to enable a court to understand the parties’
obligations.”  Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831,
846 (Tex. 2000).  The contract between
Wight Realty and the City described the property to be acquired by Wight Realty
and sold to the City, identified the purchase price to be paid for the three
tracts of land, itemized the costs associated with the land and improvements,
set forth the scope of improvements to be constructed, fixed a closing date,
and required the City to make payments to Wight Realty for the costs of
improvements in the event that the City defaulted or terminated the contract.  We conclude that the contract contains the
essential terms of the parties’ agreement and is covered by section 271.152.  See
Kirby Lake Dev., Ltd., 320 S.W.3d at
838 (stating that agreements, which “clearly outlined” “names of the parties,
property at issue, and basic obligations,” contained “essential terms”).  The City’s alternative arguments regarding
the bidding process are not supported by the record.  Although the City asserted in a single
paragraph of its plea to the jurisdiction in the trial court that the City is
required to obtain bids if a contract is in fact for the provision of goods or
services and not for real property, neither party presents any evidence related
to any bidding process.  The issue
squarely presented to the trial court was whether the contract involves goods
and services as contemplated by section 271.152.  We have held that the contract plainly
involves the provision of services and, thus, the City’s immunity is waived by
section 271.152.  

We sustain Wight Realty’s first
issue.[4]

Conclusion

          We
reverse the judgment of the trial court and remand for further proceedings
consistent with our opinion.

 

 

Terry Jennings

Justice

 

Panel consists of Justices Jennings,
Alcala, and Sharp.











[1]           Tex. Loc. Gov’t Code Ann. § 271.152 (Vernon 2005).   





[2]           Although the terms sovereign immunity
and governmental immunity are often used interchangeably, sovereign immunity “extends
to various divisions of state government, including agencies, boards,
hospitals, and universities,” while governmental immunity “protects political
subdivisions of the State, including counties, cities, and school districts.”  See Ben
Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions
Property/Casualty Joint Self-Insurance Fund, 212 S.W.3d 320, 324 (Tex. 2006).





[3]               In
support of its argument that the contract involves only the sale of real
property and that its immunity is not waived, the City cites Somerset Independent School District v.
Casias, No. 04-07-00829-CV, 2008 WL 1805533 (Tex. App.—San Antonio Apr. 23,
2008, pet. denied) (mem. op.).  In Casias, the school district entered into
a contract with landowners for the purchase of real property, and as a
condition to the closing of the sale, the landowners agreed to remove all
environmental hazardous conditions or substances on the land.  Id.
at *1.  Although the district agreed to
reimburse the landowners up to $9,000 for the environmental clean-up expenses, the
earnest money contract expressly provided that the district “would not be
liable . . . for reimbursement of any clean-up expenses if the contract did not
close.”  Id. at *1.  Because the
earnest money contract expressly stated that the district’s obligations were
conditioned upon the environmental clean-up and the district would not be
liable for any clean-up expenses if the contract did not close, the court held
that the “contract itself was for the sale of land” and did not fall within the
scope of section 271.152’s waiver of immunity.  
Id. at *3.   In contrast, the City’s contract with Wight
obligates the City, in the event of the City’s default or termination, to pay
for costs of constructing the improvements.

 

            We
also reject the City’s argument that section 271.152 does not apply because the
City did not receive anything from Wight. 
Of course, the City did not receive the benefit of the improvements
constructed by Wight because the City elected to terminate the contract.  Nothing in section 271.152 requires the City
to have actually received goods or services in order for the immunity waiver to
apply.  If we adopted the City’s
argument, it would eviscerate the immunity waiver in section 271.152. 





[4]           Having sustained Wight Realty’s first
issue, we need not address Wight Realty’s second issue, in which it contends
that the City waived its immunity through its conduct.